[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10856
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22988-WJZ


FELIX ARTURO LOAYZA WONG,

                                                    Plaintiff-Appellant,

versus

CARNIVAL CORPORATION,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

    Felix Wong appeals an order that compelled him to arbitrate his employment

dispute with Carnival Corporation. We affirm.

Wong argues that the arbitration clause in his contracts of employment is void as against public policy, but his argument is foreclosed by our precedent in *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011). Wong argues that the application of Panamian law, as required by his arbitration agreement, would bar his claims for negligence under the Jones Act and for maintenance and cure and unseaworthiness under the general maritime law. But in *Lindo* we held that a seaman's argument that a choice-of-law clause would foreclose all meaningful relief under the laws of the United States was not a viable defense to the enforcement of an arbitration agreement. *Id.* at 1283–85.

Wong argues that *Lindo* is no longer good law for two reasons, but his arguments fail. First, Wong argues that *American Express Co. v. Italian Colors Restaurant*, 570 U.S. ____, 133 S. Ct. 2304 (2013), recognizes that federal courts can invalidate an arbitration agreement as against public policy if it prevents the effective vindication of a federal statutory right, but the Supreme Court held no such thing. The Supreme Court instead stated that we must "rigorously enforce arbitration agreements according to their terms," 133 S. Ct. at 2309. *Italian Colors* in no way abrogates our precedent in *Lindo* that a seaman cannot raise a defense of public policy at the "arbitration-enforcement stage." *Lindo*, 652 F.3d at 1282. Second, Wong argues that we are bound by the contrary rule applied in *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), but we explained in *Lindo* that

2

*Thomas* is inconsistent with an earlier precedent, *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). *Lindo*, 652 F.3d at 1277–78. We are bound by *Bautista* and *Lindo*.

We **AFFIRM** the order that compelled Wong to arbitrate his employment dispute with Carnival.